## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Rosanne Edwards Murphy, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:05-2609-CWH |
| ) | |
| versus ) | |
| ) | |
| UAB Hospital; Bryce Institution; Jesse's ) | **ORDER** |
| Place Shelter; Alabama Department of ) | |
| Human Resources; Stephanie, Director at ) | |
| Jesse's Place Shelter; Alliance Foster Care; ) | |
| Linda Pugh; Cynthia Shepard; and Larry ) | |
| Dancy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On September 15, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against the University of Alabama at Birmingham Hospital ("UAB Hospital"), the Alabama Department of Human Resources, two social service agencies, and four individuals who are or were employed by the institutional defendants.

On September 22, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On September 30, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

The plaintiff is suing the defendants' for medical malpractice, unethical conduct, and mental harassment, which she alleges took place from the late 1990s into the year 2000. Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The UAB hospital is run by the University of Alabama. In 2001, the Supreme Court

found employees of the University of Alabama to be state employees. Bd. of Trs. of Univ. of Al. v. Garrett, 531 U.S. 356, 360 (2001). The Eleventh Amendment divests the federal courts of jurisdiction over suits brought against a state or its integral parts. Bd. of Trs. of Univ. of Al. v. Garrett, 531 U.S. at 360. Therefore, the University of Alabama Hospital and Alabama Department of Human Resources are entitled to summary dismissal because of Eleventh Amendment immunity.

Although the plaintiff's *pro se* complaint is liberally construed and complete diversity of the parties exists, this case is untimely as a diversity action or as a civil rights action. First, in diversity actions, the United States District Court for the District of South Carolina follows the choice of law rules of South Carolina. Klaxon Co. v. Stentor Elec. Mfg. Co,. 313 U.S. 487, 496 (1941). South Carolina follows *lex loci delicti* or the law of the place where the tort was committed. Hughes v. Doe, 316 S.E.2d 383, 384 (1984). Second, in civil rights cases, a federal court must follow the applicable state's general personal injury statute of limitations. Wilson v. Garcia, 471 U.S. 261, 265-280 (1985). Therefore, the Alabama statute of limitations applies to both diversity actions and civil rights actions, and the Alabama statute of limitations period is two years. ALA. CODE ANN. § 6-2-38 (l) (1975). The Alabama statute of limitations bars the plaintiff's claim for medical malpractice, intentional infliction of emotional distress, and any other cognizable tort or civil rights action.

Accordingly, the Court adopts Magistrate Judge Kosko's report and recommendation and dismisses this action without prejudice and without service of process for lack of subject matter jurisdiction.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
November 2, 2005